IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:12-CR-439-D (01) |
| VS. | § | |
| | § | |
| FAVIAN LATORRE, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| COMERICA BANK, et al., | § | |
| | § | |
| Garnishees. | § | |

MEMORANDUM OPINION
AND ORDER

        In this garnishment proceeding arising in connection with a restitution order in a criminal case, defendant Favian Latorre ("Latorre") filed on June 16, 2014 a claim for exemption under 28 U.S.C. § 3202. He also requested a hearing under § 3202(d) and/or a transfer to the federal district where he is incarcerated. For the reasons explained, the court denies Latorre's claim for exemption and request for a hearing, and it denies as moot his request for a transfer.[1]

_____

        [1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Latorre pleaded guilty to conspiracy to harbor an alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(v) and (B)(i).   As part of his sentence, the court ordered pursuant to the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A *et seq.*, that he make restitution to the victim of the offense.  Latorre failed to pay restitution, and the United States garnished his accounts at JP Morgan Chase Bank, N.A. ("Chase Bank"),[2] Comerica Bank, and the Teacher Retirement System of Texas.   Chase Bank and Comerica Bank each represented to the United States that it holds a joint checking account that Latorre owns with his wife.

In his claim for exemption, Latorre asserts that the joint checking accounts he shares

---

[2]One of the entities that holds an account from which the United States seeks funds via post-judgment writ of garnishment is Chase Bank.  Based on my wife's stock ownership in JP Morgan Chase & Co., I uniformly recuse when Chase Bank is a party, unless it is merely a formal or nominal party, i.e., not a real party that is presenting a claim or defense. Here, I have determined that recusal is unnecessary because Chase Bank is merely a garnishee who has answered a writ of garnishment as garnishee.  Where, as here, a garnishee appears in the litigation merely to confirm or deny that it is, in fact, indebted to the defendant-debtor so that it can transfer the funds of the defendant-debtor to the plaintiff-garnishor, it is not a real party that is presenting a claim or defense.  I will continue to monitor this issue as ethical opinions and case law develop, and I will reexamine in this and future cases whether recusal is necessary.  *Cf. Guide to Judiciary Policy*, Vol. 2B, Ch. 3, § 3.1-6(d) (noting that judge who owns stock in company whose records are subpoenaed by grand jury does not have financial interest in a party to the proceeding, but recusal could be required if company's status changes by, for example, moving to quash the subpoena); *Arriaga v. Jess Enters., LLC*, No. 3-12-CV-0094-D, Order at 1 (N.D. Tex. Mar. 31, 2014) (Fitzwater, C.J.) (recusing at post-judgment garnishment stage of case where Chase Bank, as garnishee, not only answered writ of garnishment as garnishee but asserted counterclaim against plaintiff).

with his wife are exempt under 26 U.S.C. § 6334(a)(2) and (g).[3]  The court disagrees.  26 U.S.C. § 6334(a)(2) exempts from levy "the fuel, provisions, furniture, and personal effects in the taxpayer's household, and . . . the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value[.]"  26 U.S.C. § 6334(a)(2).  Subsection 6334(g) merely provides for an inflation adjustment and does not confer a stand-alone exemption.  *See* 26 U.S.C. § 6334(g).   Contrary to Latorre's suggestion, the United States has not attempted to seize property covered by 26 U.S.C. § 6334(a)(2); rather, it has seized Latorre's joint checking account with his wife.  That Latorre wishes to use the funds in the joint checking account to pay for certain medical expenses does not make the joint checking account exempt property under § 6334(a)(2).  Thus Latorre's reliance on 26 U.S.C. § 6334(a)(2) and (g) is misplaced.

Latorre also argues that the factual predicate for his conviction occurred in 2008—two years before his marriage—and did not involve his current wife.  He contends that the joint checking account is therefore exempt from the restitution order.  The court again disagrees.  The United States is garnishing Latorre's property under the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. § 3001 *et seq.*, to enforce his restitution order

---

[3]In his claim for exemption, Latorre identifies only the bank account with Comerica Bank as exempt property.  But in a supporting document that Latorre styles as an "objection," he also discusses the bank account at Chase Bank.  The court discusses both bank accounts in this memorandum opinion and order because the parties have addressed them collectively, and, so far as the court can determine, there is no material difference between the two accounts.  Both are joint checking accounts, and Latorre treats them as interchangeable for the purposes of his argument.

for the benefit of the victim of his offense.  Under the FDCPA, the United States is permitted to garnish any property in which the defendant has a substantial nonexempt interest.  *See* 28 U.S.C. § 3205(a).  The FDCPA does not contain a tracing requirement.  Consequently, whether the property subject to the writ of garnishment was used in criminal activity or purchased with the proceeds of criminal activity "has absolutely no bearing on the government's authority to levy" under the FDCPA.  *United States v. Feichtinger*, 172 F.3d 54, 1998 WL 894664, at *1 (7th Cir. Dec. 15, 1998) (unpublished table decision).

In sum, Latorre has not raised a valid claim for exemption.[4]  The United States has not garnished exempt property, and Latorre's other arguments are misplaced.  Accordingly, Latorre's claim for exemption is denied.

## II

The court now turns to Latorre's request for a hearing.  28 U.S.C. § 3202(d) limits the issues that may be addressed at a garnishment hearing to (1) the probable validity of a claim for exemption, (2) compliance with statutory requirements for the issuance of a writ, and (3) certain issues regarding default judgments.  *See* 28 U.S.C. § 3202(d).  For the reasons explained above, Latorre has not claimed a valid exemption.  He has not alleged that the United States failed to comply with the statutory requirements for the issuance of the writ. And the United States is enforcing the restitution order as part of Latorre's criminal sentence,

---

[4]The United States also argues that Latorre does not have standing to object to the garnishment of the joint checking accounts because he has disclaimed any interest in the accounts.  Because the court determines that the property in question is not exempt, the court assumes *arguendo* that Latorre has standing to object to the garnishment.

not a default judgment.  Latorre has therefore failed to raise an issue that would require (or permit) a § 3202(d) hearing.  Accordingly, Latorre's request for a hearing is denied.

III

Because the court is denying Latorre's claim for exemption and request for a hearing, the court denies as moot Latorre's request for a transfer.  There is no indication from the record that the Northern District of Texas is an improper venue in which to decide this matter.  Latorre was sentenced in the Northern District of Texas, and while he was awaiting sentencing in this case, he and his wife purchased a condominium located in Dallas, Texas, which is located in the Northern District of Texas.  The United States has represented to the court that Latorre's wife still lives in this condominium.  And on a financial statement that Latorre submitted to the United States Attorney's Office in December 2013, Latorre states that he has lived in Dallas, Texas since May 2002.

\*     \*     \*

For the reasons explained, Latorre's June 16, 2014 claim for exemption and request for hearing is denied, and his request for transfer is denied as moot.

**SO ORDERED.**

July 16, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE

- 5 -